United States District Court
Southern District of Texas
**ENTERED**
April 04, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-18-0237 |
| | § | |
| RICARDO DIAZ | § | |

# MEMORANDUM OPINION AND ORDER

Defendant Ricardo Diaz, federal prisoner #79173-479, filed a *pro se* motion for a compassionate release pursuant to 18 U.S.C. § 3582(C)(1)(A). (Docket Entry No. 229.) The motion was docketed with this Court on March 25, 2022.

Having considered the motion, the record, matters of public record, and the applicable law, the Court DENIES the motion for the reasons shown below.

## *Background and Claims*

Defendant is a 42-year-old male prisoner currently confined at the Bureau of Prisons ("BOP") Oklahoma City FTC. Defendant pleaded guilty on February 20, 2020, to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. (Docket Entry No. 189.) The Court sentenced him to 108 months' imprisonment on October 22, 2020, followed by a 5-year term of supervised release. *Id*. His current anticipated release date is November 8, 2026. He has served approximately 25 months of the 108 month sentence imposed by this Court, or 23% of his full sentence.

Defendant claims entitlement to a compassionate release based on chronic asthma. Although he also reports that conditions at FCI Beaumont Low are not conducive to preventing the spread of COVID-19, defendant is not confined at that facility. His motion was mailed to the Court from FCI Texarkana Camp (Docket Entry No. 229, p. 6), and public BOP records indicate that he is currently assigned to Oklahoma City FTC.

Defendant asks the Court to reduce his sentence to time served and release him from prison because of his chronic asthma.

## *Legal Standards*

Defendant brings this motion for sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion may be made by either the Director of the BOP or by a prisoner after the prisoner has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A). Compassionate release provisions under section 3582(c)(1)(A) authorize a court to modify a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction."

The United States Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13. However, the Fifth Circuit Court of Appeals has held that the Sentencing Commission's compassionate release policy statement does not bind district courts in considering motions brought by prisoners under 18 U.S.C. § 3582(C)(1)(A). *United*

*States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. April 7, 2021). Accordingly, the district courts are free to determine whether a defendant's particular medical condition or other situation constitutes extraordinary and compelling reasons for a compassionate release. *See United States v. Gonzalez*, 819 F. App'x 283, 284 (5th Cir. Sept. 4, 2020); *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) ("[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court."). A defendant in a section 3582(c)(1)(A) motion has the burden to establish that relief is warranted in his or her case.

The court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a).

Thus, a defendant may be eligible for a compassionate release under section 3582(c)(1)(A) if the court finds "extraordinary and compelling reasons" warranting a sentence reduction and that the reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). The Fifth Circuit Court of Appeals has held that fear of

COVID-19, standing alone, does not warrant a compassionate release. *See United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021).

### *Exhaustion*

Fifth Circuit precedent and the plain language of 18 U.S.C. § 3582(c)(1)(A) make clear that the courts may not grant a defendant's motion for compassionate release unless the defendant has complied with the administrative exhaustion requirement. *See United States v. Garrett*, 15 F.4th 335, 337 (5th Cir. 2021) ("[T]o file a proper motion for compassionate release in the district court, a prisoner must first exhaust the available administrative avenues.").

Defendant does not state that he exhausted his administrative remedies prior to filing his motion. However, he submitted a print-out exhibit of a three-line request for a compassionate release addressed to "Warden LOW" dated January 11, 2022. The request is unsigned, and defendant makes no reference to the warden's receipt or any subsequent response as to the print-out. Moreover, defendant does not show that he exhausted his administrative remedies as to his current custody at Oklahoma City FTC. The Court declines to accept defendant's exhibit as proof of exhaustion for purposes of his pending motion.

Nevertheless, the Court will consider defendant's motion for a compassionate release, as the motion lacks merit.

### *Extraordinary and Compelling Reasons*

As his sole relevant ground for a compassionate release, defendant states that he has "chronic asthma." Although he discusses asthma in general terms and how it has affected inmates in other cases, he presents no information as to the duration, severity, treatment, or prognosis of his own condition. No medical records have been submitted to support defendant's condition. Current CDC guidelines for "People With Certain Medical Conditions" indicate that persons with moderate to severe asthma are "more likely to get very sick from COVID-19."[1] These are general guidelines that do not predict that any particular person with a specified condition will get very sick from a COVID-19 infection. Defendant fails to demonstrate that his asthma condition is moderate to severe, or that his facility is refusing or unable to treat the condition. Thus, defendant does not show that chronic asthma has elevated his risk for death or serious injury should he contract a COVID-19 infection, or that his ability for self-care has been impaired.

Moreover, defendant does not demonstrate an increased risk of serious illness or death from COVID-19 due to his confinement at Oklahoma City FTC. The facility currently reports having 7 prisoners with positive COVID-19 test results and 2 reported inmate COVID-19 deaths. A total of 715 prisoners have recovered from COVID-19 infections at the facility.[2] Although defendant expresses legitimate and common concerns regarding

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions.html.

[2] *See* https://www.bop.gov/coronavirus/ (accessed on April 2, 2022).

5

COVID-19 and its variants, he does not establish that his current facility cannot manage an outbreak or that the facility could not treat him if he were to contract the virus.

Defendant's current medical condition and housing assignment do not constitute extraordinary and compelling reasons for granting him a compassionate release.

### *Sentencing Factors*

Defendant's motion does not discuss the relevant sentencing factors set forth under 18 U.S.C. § 3553(a), which are to be taken into account in motions brought under section 3582(C)(1)(A). *See United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020). Nevertheless, the Court notes that defendant's sentence was within the guidelines range and was appropriate in light of defendant's criminal actions. Reducing his sentence by over 75% would result in a sentence that falls substantially below what Congress deemed appropriate for similarly situated defendants under the guidelines.

Moreover, defendant does not show that he has made any effort to rehabilitate himself while incarcerated, or that he has in place any employment plans or living arrangements should he be released back into society. The Court finds that reducing defendant's sentence to time served would not promote respect for the law, provide just punishment, or afford adequate deterrence.

Consideration of the applicable sentencing factors leads this Court to conclude that relief under 18 U.S.C. § 3582(C)(1)(A) is not merited in this case.

*Conclusion*

Defendant's motion for a compassionate release under 18 U.S.C. § 3582(C)(1)(A) (Docket Entry No. 229) is DENIED.

Signed at Houston, Texas, on April 4, 2022.

_____
Gray H. Miller
Senior United States District Judge